705 P.2d 957

**Johnny A. DARK, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**O.S. Stapley Company, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

No. 1 CA–IC 3201.

Court of Appeals of Arizona, Division 1, Department B.

Sept. 3, 1985.

Davis, Eppstein & Hall, P.C. by Robert W. Eppstein, Tucson, for petitioner.

Dennis P. Kavanaugh, Chief Counsel, Indus. Com'n of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix by George B. Morse, Tucson, for respondents employer and carrier.

## OPINION

JACOBSON, Chief Judge.

The issue in this case is whether the administrative law judge properly considered the holding in *Dutra v. Industrial Commission*, 135 Ariz. 59, 659 P.2d 18 (1983) in awarding the claimant scheduled benefits.

The facts here are not in material dispute. On July 24, 1981, the claimant, Johnny A. Dark, injured his right arm in the course of his employment as a heavy duty diesel mechanic. His claim was accepted for benefits.

Over a period of the next two years, the claimant underwent three surgeries to the right arm. As a result of the injuries and the surgeries, claimant was deemed to have suffered a 15% permanent inpairment to the upper right extremity. The impairment is based upon lack of motion, inability to extend the arm, the three surgical wounds and numbness in some of the fingers.

The testimony showed that prior to the injury, the claimant was making $6.50 per hour as a diesel mechanic. Because of his injury and particularly the loss of feeling in his fingers, the inability to exert torque or carry heavy objects, he was unable to pursue his prior mechanic duties and now is employed at $4.00 per hour.

The administrative law judge awarded scheduled benefits based upon the actual physical impairment suffered by the claimant. In doing so, the administrative law judge observed that there was "no medical evidence as to the amount of the increased percentage of disability and any increase would be sheer arbitrary speculation," and that pursuant to *Dutra* he "considered the applicant's inability to perform the particular job at the time of the injury", but found insufficient evidence to increase the percentage of impairment.

■ The claimant sought review contending that the administrative law judge had misconstrued the holding in *Dutra*. This court has recently interpreted *Dutra* in two cases: *Gomez v. Industrial Commission*, 1 CA–IC 3130, filed May 14, 1985

and *Norton v. Industrial Commission*, 1 CA–IC 3138, filed August 22, 1985. From these cases, three basic principles have emerged:

(1) Before *Dutra* can be applied to increase the percentage of a scheduled award over that based upon physical impairment (as that term has been developed by prior case law), the claimant must show that as a result of the industrial injury he or she has an actual loss of earning capacity in excess of the scheduled statutory presumption. *Norton v. Industrial Commission, supra.*

(2) That in any event the claimant is entitled at a minimum to the scheduled statutory presumptive loss of earning capacity based upon loss of physical impairment (as that term has been developed by prior case law); *Gomez v. Industrial Commission, supra.*

(3) That the percentage of impairment may be increased by giving consideration to the various physical requirements of the former occupation which claimant can no longer perform as compared to those physical tasks in which claimant's ability to perform is unaffected. *Gomez v. Industrial Commission, supra.*

This case presents the problem of what type of evidence must the claimant present to satisfy the third consideration that we have determined is required by *Dutra*.

The administrative law judge concluded that since the claimant presented no medical evidence on the subject of increased percentage of disability, the claimant's case for increased benefits under *Dutra* must fail.

■ One thing we feel comfortable with under *Dutra* is that the administrative law judge is not limited to consideration of medical testimony in applying *Dutra's* increased percentage as this does not deal with physical impairment, a medical determination. Rather, as noted in *Gomez*, this increase is left to the "considerable discretion" of the administrative law judge, based on a "comparative evaluation" of pre-injury job physical tasks with post-injury job

physical tasks. In our opinion, such comparative evidence may consist of lay as well as expert medical or expert occupational testimony.

Having said this, what does such a comparison achieve in the context of increasing the percentage of disability over and above actual physical impairment? For example, using the claimant's experience here, let us assume[1] that prior to the industrial injury his employment as a heavy duty diesel mechanic required 10 physical tasks involving his right arm. As a result of his injury, let us further assume 5 tasks formerly required by his job and involving his right arm were lost. It follows then that the claimant would suffer on a comparison basis a 50% "loss of use" based upon loss of physical tasks as contemplated by *Gomez.*

■ In our opinion, the administrative law judge could properly consider such a percentage in exercising his "considered discretion". Moreover, in our opinion, the administrative law judge would not be remiss, in determining an equitable "loss of use", to consider the actual percentage of earning capacity loss suffered by the claim-

ant as a result of the scheduled injury. Normally any loss of earning capacity is irrelevant in a scheduled injury setting. We continue to adhere to that view. However, as with the compensation for scars under A.R.S. § 23–1044(B)(22), the effect of a scheduled injury on the long range earning capacity of the claimant can be considered. *Scott v. Industrial Commission,* 11 Ariz.App. 20, 461 P.2d 499 (1969). This may be especially true where the *Gomez* comparison evidences an increased percentage greater than the actual loss suffered by the claimant.

■ We set aside the award for reconsideration of claimant's *Dutra* loss in view of *Gomez* and this opinion.

KLEINSCHMIDT, P.J., and GREER, J., concur.

1. We deal solely with assumptions here, for neither party knew what *Dutra* required. Likewise, our holding in *Gomez* that comparison of

pre-injury tasks was to be considered was also unknown.